IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE FASSETT,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 26-212 Erie** |
| **v.** | ) | |
| | ) | |
| **PRESIDENT DONALD TRUMP,** | ) | **District Judge Susan Paradise Baxter** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Maurice Fassett (self-identified as "King of Germans and Russian") commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against Defendant President Donald Trump. The "complaint" consists of various disjointed phrases and run-on sentences that are wholly nonsensical. For instance, Plaintiff alleges the following "rights" have been violated:

> Freedom to practice created selves to practice religion[.] God has USA military as son of God King Maurice and High priest Melvin Holy Ghost, High priest of Vatican in dioces (sic) state. [F]reedom of religion, kingdom of Maurice and natural kingdom is nation, and Maurice German nation and USA king.

(ECF No. 1-1, Section II B). As relief for his "claims," Plaintiff states, *inter alia*, "Maurice wants blue eyed only nation on USA soil…" (Id., Section V).

Plaintiff has since filed three additional "motions" that contain nothing more than rambling, unintelligible statements that fail to establish any grounds for relief. [ECF Nos. 2, 4, 6].

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d

Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings that are essentially unintelligible or, at best, merely bald and conclusory allegations of wrongdoing. Moreover, the "complaint" fails to establish any grounds upon which this Court may exercise either personal jurisdiction over the named Defendants or subject matter jurisdiction over the "claims" raised by Plaintiff. Having failed to provide any factual predicate for any cognizable action that may be heard by this Court, Plaintiff's "complaint" fails to state a claim upon which relief can be granted. Because further amendment would not be able to cure its deficiencies, the "complaint" will be dismissed with prejudice and Plaintiff's subsequent "motions" [ECF Nos. 2, 4, 6], will be denied as frivolous.

An appropriate Order follows.